ALBERT W. FOSTER,

*vs.*

DELAWARE VALLEY DRUG CO., INC., a Delaware corporation.

*New Castle, April 7, 1955.*

*James R. Morford,* of Morford & Bennethum, Wilmington and *Herbert A. Fogel,* of Edmonds, Obermayer & Rebmann, Philadelphia, Pa., for plaintiff.

*Clement C. Wood* and *H. Albert Young,* of Young & Wood, Wilmington, for defendant.

SEITZ, Chancellor: This is the decision after final hearing on plaintiff-stockholder's complaint seeking the appointment of a receiver for the defendant corporation. Plaintiff seeks a receiver on one or more of the following grounds:

1. Insolvency.

2. Mismanagement.

3. Failure of corporate purpose.

This case was tried for three and one-half days and because of the impact of the suit on the corporation's business I agreed to hear argument immediately after the close of the testimony and to render my decision on the following day. This is it.

In view of my approach to this problem, it would serve no present useful purpose to narrate at length the great amount of testimony taken. I merely summarize it.

Defendant corporation is a wholesale drug distributor operating largely in Delaware and environs. It only commenced operation in late 1952. While there is some doubt about it, it appears that it was not undercapitalized at the time. It ran into numerous difficulties, such as failure to set forth a definite plan of action based on any adequate sales' survey of the area. This relatively new corporation also lacked sufficient aggressive and experienced management. It met with division of authority and internal disputes because its seventeen stockholders were also directors of the corporation. Its trouble also arises, in part, from the fact that it is a new operation competing in a field where the emphasis is on skilled salesmanship and where experienced and stiff competition is found.

At the present time it has current liabilities of approximately $111,000. Plaintiff claims that its assets are such that if liquidated it would be able to pay the creditors in full and provide about forty-five cents on the dollar for the stockholders. Plaintiff is a substantial stockholder. Defendant claims that if liquidated these would not be sufficient to pay creditors in full. I need only say that plaintiff's interest in liquidation would be small in my opinion.

There is no doubt that defendant's present financial plight and its sales' trend are critical. Defendant is admittedly insolvent in the equity sense. However, representatives of the bank, one of the largest creditors, and representatives of many of the manufacturers who have been selling to the defendant, and who are owed money by defendant, testified that they would agree to any reasonable arrangement in order to aid the corporation in an attempt to solve its present plight. A plan, loosely called a plan of reorganization, was recently approved by the board of directors which, subject to this court's decision, would presumably be set into operation in the near future. This plan entails the taking of the following general steps:

1. The capital of the corporation would be reduced and additional shares would be offered to the existing stockholders designed to raise approximately $20,000 in additional capital.

2. The manufacturing creditors would agree to a "stretch out" and their claims would be paid so much per month, without interest,

until liquidation and they would continue to extend credit on the present basis. However, there would be an acceleration of indebtedness in the event of default. All creditors under $100 would be paid in full and other non-agreeing creditors would presumably be paid.

3. The bank would agree to "go along" with any reasonable solution.

The situation is therefore this: The corporation is so situated today that were it not for the proposed so-called plan of reorganization, this Court would feel compelled to appoint a receiver. However, since no creditor has seen fit to attempt to throw this corporation into bankruptcy or receivership and since, on the contrary, the creditors heard from have expressed a willingness to cooperate and since some stockholders are willing to invest more money, I feel that circumstances warrant the granting of a "reprieve" to the corporation. See *Boggs v. Bellevue, Inc.*, 18 *Del.Ch.* 108, 156 *A.* 202. While the continuation of the business under the conditions hereinafter outlined may further jeopardize plaintiff's stock interest, I believe that a reasonable opportunity should be afforded those also having a large stake to try to make a go of it. I realize that the decline in sales is serious but there is also respectable testimony, including plaintiff's, to the effect that this type of business can definitely be successful in this area. The problems of developing a systematic approach to the operation and obtaining more manufacturing lines and experienced salesmen are very difficult but I assume for the present, at least, that strenuous efforts will be made to solve them at the earliest date.

I therefore conclude that my ultimate decision on the plaintiff's application should be deferred for thirty days from the date of the entry of the order on this opinion and if within that time the defendant corporation can show to the Court by supplementing the record that the provisions of the so-called plan of reorganization or its substantial equivalent has been effectuated, I will dismiss the action. However, if the substance of the plan or its equivalent has not been effectuated or if other circumstances have developed which

have destroyed the corporation's potential, I will then appoint a receiver.

I do not mean by this decision to require that the corporation adopt the proposed plan and take the other steps in precisely the terms and under the conditions set forth in the papers, but the over-all accomplishment must reveal a situation where the company's purchasing, credit and operation have been placed on a current basis.

If the reduction of the capital is to take the form suggested in the plan, I believe serious consideration should be given to the calling of another directors' meeting so as to pass an explicit resolution for the submission to stockholders. The language of present paragraph No. 1 of the minutes of the executive committee's meeting is too indefinite, I am afraid, to constitute legal compliance.

Order on notice.

## SUPPLEMENTAL OPINION.

In this Court's opinion of April 7, 1955, it was indicated that if defendant corporation could show by supplementing the record that the corporation's operation has been placed on a current basis the complaint for a receiver would be dismissed.

The showing made at today's hearing indicated that $10,000 additional capital would be available by June 1 and another $9,500 by October. It also showed that over 90% of the creditors in amount had agreed to a moratorium on past due bills and that there would be available in the near future about $30,000 to fill inventory needs and to meet operational requirements.

It is apparent that the defendant will continue to operate at a loss for some time even if its business turns upward substantially. This will necessarily result in a further impairment of capital including plaintiff's interest. But the majority of the stockholders and practically all of the creditors demonstrate their confidence in the future of the defendant by extending further credit and investing additional capital. The question then is whether the defendant should

be deprived of this opportunity because of the probability mentioned and the open question as to whether the defendant can in the foreseeable future "make a go of it".

Despite the provision in the moratorium agreement concerning the right of a majority of creditors in amount to accelerate their claims and the fact that certain of the additional capital will not be turned over until June 1, I conclude that the corporation has been placed on a reasonably current basis insofar as the realities permit. The creditors who have agreed to go along are the "life blood" of this enterprise and while it may be said that their interests are secured, nevertheless, they have not seen fit to attack this company legally but on the contrary have seen fit to execute a moratorium which provides interest free payments over a substantial period of time. They will also extend substantial credit on the regular terms. These facts plus the additional capital must be considered significant in the present setting.

It should also be pointed out that this company's future need not be considered as being limited to its present prospects. It is entirely possible that an alert management can bring more money and other interests into the enterprise and thereby expand its opportunities. Certainly no management interested in the future of this corporation can afford to overlook such a possibility.

I therefore conclude in the exercise of discretion that despite the possibility that this company may very well come under legal attack in the future, a sufficient showing has been made to warrant the dismissal of this complaint for a receiver.

Order on notice.